UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CV-06-97-B-W |
| v. | ) | |
| | ) | |
| KURT ADAMS, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON MOTION FOR RECONSIDERATION**

**I.    BACKGROUND**

This case, a dispute between the United States and the Public Utilities Commission (PUC) of the state of Maine, arises out of a PUC Order that the United States contends is "without proper authorization" and poses the risk of "exceptionally grave harm to national security." *Compl.* ¶ 1 (Docket # 1). On October 4, 2006, the Judicial Panel (Panel) on Multidistrict Litigation (MDL) issued a Conditional Transfer Order, assigning the case to Judge Vaughn R. Walker of the Northern District of California. *Conditional Transfer Order* (Docket # 12). On October 17, 2006, this Court received notice from the Panel that an objection had been filed to the transfer order and stating that if there is a motion pending, this Court remains free to rule on the motion or to wait until the Panel has decided the transfer issue. *Letter from MDL Panel* (Docket # 19). The Panel suggested that this Court might wish to defer action "if the motion raises questions likely to arise in other actions in the transferee court and, in the interest of uniformity, might best be decided there if the Panel orders centralization." *Id.* Subsequently, this Court informed counsel it was disinclined to rule on the pending motion for intervenor status and participation, *see Minute Entry* (Docket # 35), but the Court has ruled on such perfunctory

motions as a motion for extension of time for the filing of documents. *See Order* (Docket # 41); *Order* (Docket # 56).

On October 27, 2006, the United States filed a motion for summary judgment. *Pl.'s Mot. for Summ. J.* (Docket # 28). Its reply brief was due on December 22, 2006. *Order Granting Without Objection Mot. to Extend Time to December 22, 2006* (Docket # 56). On that day, the United States filed four documents: (1) a motion to amend statement of fact; (2) a motion for leave to file reply in excess of seven pages; (3) a reply to the additional statement of material fact; and, (4) a reply to the PUC's response to the motion for summary judgment. *Mot. to Amend Statement of Fact* (Docket # 58); *Mot. for Leave to File Reply in Excess of Seven Pages* (Docket # 59) (*Pl.'s Mot. for Leave*); *Reply to Resp. to Mot. for Summ. J.* (Docket # 60); *Reply to Additional Statement of Fact* (Docket # 61). On December 26, 2006, the Court granted the motion for leave to file reply in excess of seven pages, the reply being twenty-three pages in length. *Order* (Docket # 62).

On December 26, 2006, the PUC moved for reconsideration of the Order on Motion for Leave to File. *Mot. for Recons. of Pl.'s Mot. to File Reply Brief in Excess of Seven Pages* (Docket # 63) (*State Defs. Mot.*). Although the United States indicated that the State Defendants had taken no position on its motion to file reply brief in excess of seven pages, *Pl.'s Mot. for Leave* ¶ 5, the PUC correctly notes that the Court did not wait for a response by the State Defendants before granting the motion. *State Defs. Mot.* at 1-2. The State Defendants point out that the United States failed to comply with Local Rule 7(e), which requires that any motion to exceed the page limitations in Rule 7 "shall be filed no later than three (3) business days in advance of the date for filing the memorandum to permit meaningful review by the court. A motion to exceed the page limitations shall not be filed simultaneously with a memorandum in

excess of the limitations of this rule." Local Rule 7(e). Here, the United States filed the motion for leave and the reply brief contemporaneously. The State Defendants further argue that the United States' reply does not respond to a new matter, but attempts to re-enforce the persuasiveness of its original brief. Finally, the State contends that if the Court allows the United States to violate the local rule, the Court should permit the State Defendants to do so as well by allowing the State Defendants to file a 10-page surrebuttal.

## II.   DISCUSSION

This case is in a unique posture. There is currently an order transferring the case to the Northern District of California. Although for the moment this Court retains jurisdiction, it has expressed its reluctance to issue orders that could affect the orderly disposition of the case. The Court is aware that the Northern District of California has a different set of local rules, some of which implicate the length of the memoranda. Civil L.R. 7-2(b), 7-3(a), 7.3(c). It is unaware, however, of the local practice regarding page limits in the Northern District: that is, whether a motion to exceed the page limits could be filed and, if so, whether it would likely be granted. On the other hand, the Court is aware that there is no Northern California counterpart to Maine's Rule 7(e).

Once the United States filed its motion, this Court had three options: (1) it could ignore the motion and leave the decision for later – either by the Northern District of California, if the State Defendants' objection to the MDL transfer is overruled, or, if not, by this Court; (2) it could refuse to accept the United States' Reply since it violated the local rule; or, (3) it could grant the motion and receive the overly-long reply. If this Court elected the first option and Judge Walker later assumed jurisdiction, it is unlikely he would enforce Maine's Local Rule 7(e). Similarly, if this Court ultimately retains jurisdiction, the first option would place the

parties at a disadvantage: the United States would not know whether its memorandum had been accepted and the State Defendants would not know whether to file a sur-rebuttal. The second alternative seemed unduly punctilious in the circumstances of this case. This is a law suit between the United States and the state of Maine involving matters of public notoriety and concern. To refuse to accept the Reply Memorandum of the United States of America on an issue, which by the allegations in its Complaint, involves the potential of "grave harm to the national security" seemed profoundly unwise. Finally, the third option, which appeared the most sensible, was to allow the overly-long filing, despite the lack of compliance with the local rule. Long memoranda contain their own sanction. If the memorandum contains superfluous, wordy, and unconvincing arguments, it runs the risk of being considered superfluous, wordy, and unconvincing, the better arguments having been buried among the weaker. Given these three options, the Court's choice of the third still seems the best.

### III.   CONCLUSION

This Court DENIES the State Defendants' Motion for Reconsideration (Docket # 63). However, since the state of Maine has requested it, and the United States is in no position to object, this Court GRANTS the State's request to file a 10-page surrebuttal. In doing so, the Court reminds all counsel that making a convincing argument is not the same as making a long one.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 29th day of December, 2006